IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L&M VENTURES, LLC, et al., | No. C 10-05764 SI |
| Plaintiffs, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| TRAVELERS CASUALTY & SURETY CO. OF AM., et al., | |
| Defendants. | |

Defendant Lipscomb & Pitts Insurance Agency's motion to dismiss is currently scheduled for hearing on April 22, 2011. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby DENIES defendant's motion.

Defendant has filed a motion to dismiss the four counts alleged against it pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. Defendant states that "a forum selection clause in the parties' written agreement requires that any dispute arising out of the alleged agreement to procure insurance be filed in Shelby County, Tennessee." Memorandum at 3 (Doc. 4). Defendant states that "[t]he contract terms at issue here are clear and subject to only one interpretation: the parties must adjudicate any disputes arising out of the Agreement exclusively in the designated forum." *Id.* at 6. Defendant states that "[p]laintiffs contractually agreed that any lawsuit arising out of Lipscomb & Pitts' procurement of insurance would be decided in the courts of Shelby County, Tennessee." *Id.*

Rule 12(b)(3) is the proper tool for enforcing forum selection clauses. *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996); *see also Murphy v. Schneider Nat'l, Inc.*, 362 F.3d

1133, 1137 (9th Cir. 2004) (explaining that on a 12(b)(3) motion the pleadings need not be accepted as true and the Court may consider facts outside of the pleadings).  However, defendant has not presented any evidence of a forum selection clause.  Rather, defendant has cited to this single contract term:

> <u>Applicable Law</u>:  This Agreement shall be governed by, construed and enforced in accordance with federal law and the laws of the State of Tennessee.  If there is a lawsuit, Client agrees to submit to the jurisdiction of the courts of Shelby County, Tennessee.

Cutchin Decl. Ex. A at 30 (Doc. 4-1 at 36); *see also* Cutchin Decl. Ex. B. at 31 (Doc. 4-1 at 67) (containing identical term).  The first sentence of the provision purports to govern choice of law for certain disputes.[1]  The second sentence of the provision purports to govern personal jurisdiction for certain disputes—that is, it states that the Client will submit to the jurisdiction of the courts of Shelby County, Tennessee if the Client is sued there.[2]  The provision is not a forum selection clause.  Defendant's motion is DENIED.  (Doc. 4.)

**IT IS SO ORDERED.**

Dated:  April 14, 2011

SUSAN ILLSTON
United States District Judge

---

[1] The parties disagree about whether the provision is applicable to this case.  Because it is not a forum selection clause, the Court does not need to consider that question at this time.

[2] This is the only possible reading of the clause, even though the clause uses the reciprocal-sounding phrase "If there is a lawsuit" rather than the more accurate but one-sided phrase "If Client is sued."  Another clause on the same page of the contract uses the same language in the same manner:  The clause labeled "<u>Collection Costs</u>" says "Agent may hire or pay third-parties to collect amounts due hereunder if Client does not pay according to the Agent's credit policy, and Client will pay Agent any amounts paid by Agent in so doing.  This includes, subject to any limitations under applicable law, Agent's attorneys' fees and legal expenses, whether or not there is a lawsuit . . . ."  A "lawsuit" to "collect amounts due" would be a lawsuit where the Client is sued.