United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L&M VENTURES, LLC, a California LLC, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, a Connecticut corporation, et al.,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　／ | No. C 10-05764 SI<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

Defendant Lipscomb & Pitts Insurance Agency, LLC ("Lipscomb & Pitts") filed a motion to dismiss for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b), which motion is currently scheduled for hearing on November 8, 2013. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby DENIES defendant's motion.

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Dismissal for failure to prosecute "is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

"[I]n order for a court to dismiss a case as a sanction, the district court must consider five factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

merits; and (5) the availability of less drastic alternatives.'" *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). In addition, a dismissal for lack of prosecution must be supported by a showing of unreasonable delay. *Henderson*, 779 F.2d at 1424.

Defendant Lipscomb & Pitts argues that the Court should dismiss plaintiffs' action without prejudice for failure to prosecute. Docket No. 49-1 at 2. However, the record before the Court shows that the plaintiffs have been diligent in prosecuting the action. The action is currently stayed pursuant to the parties' stipulation pending the resolution of the Missouri State Court action *Arkansas-Missouri Wood Products v. Lerner*, Case No. 09CG-CC0092. *See* Docket Nos. 33-35. During the stay, plaintiffs have complied with each of the Court's orders requiring the filing of a status report. *See* Docket Nos. 37, 39, 47. Therefore, there has been no failure to prosecute by the plaintiffs. In addition, the Court rejects Lipscomb & Pitts' argument that it is prejudiced by a stay of the action rather than a dismissal without prejudice because Lipscomb & Pitts stipulated to staying the action, and it has not attempted to terminate the stay pursuant to paragraph 4 of the stipulation. Lipscomb & Pitts also fails to explain why the Court should entertain its motion to dismiss if the action is currently stayed. Accordingly, the Court DENIES Lipscomb & Pitts' Rule 41(b) motion to dismiss for failure to prosecute. Docket No. 49.

**IT IS SO ORDERED.**

Dated: October 22, 2013

SUSAN ILLSTON
United States District Judge